UNITED STATES of America ex rel. Robert FELDER, Petitioner,

v.

Richard B. GRAMLEY, Respondent.

No. 94 CV 7057.

United States District Court, N.D. Illinois, Eastern Division.

May 23, 1995.

Order Denying Reconsideration Aug. 16, 1995.

---

Robert Felder, Pontiac, IL, pro se.

Michael A. Hurst, Arleen C. Anderson, Illinois Atty. General's Office, Chicago, IL, for respondent.

### MEMORANDUM AND ORDER

MORAN, Chief Judge.

Petitioner Robert Felder (Felder) brings this action under 28 U.S.C. § 2254 seeking *habeas corpus* relief from his state conviction for murder. In his petition Felder advances two arguments as grounds for relief. First, that he was deprived of effective assistance of counsel, in violation of the Sixth Amendment and, second, that the evidence admitted at his trial was insufficient to find him guilty beyond a reasonable doubt, in violation of the due process clause of the Fourteenth Amendment.

## BACKGROUND [1]

Although the exact chronology of events is difficult to discern, some basic facts are not disputed. During all relevant times Felder was the leader of a street gang called the Paymasters. On January 23, 1988, Felder ordered Master Watkins (Watkins), Cedric Golden (Golden), and Darnell Grissom (Grissom), all of whom were members of the Paymasters, to "violate" a woman named Ardella because she stole from the gang. In the vernacular of the Paymasters, to "violate" someone means to beat up that person.

After that, the facts become murky. Watkins testified that he, Golden and Grissom went to Ardella's apartment, where Golden and Grissom not only beat her but raped her as well. Watkins further testified that Felder was angry that Golden and Grissom disobeyed his order by raping Ardella. Because of this disobedience, Felder determined that Golden and Grissom themselves should be violated. Felder ordered Cedric Dickerson (Dickerson), yet a fifth member of the Paymasters, to carry out his order. Watkins testified that Dickerson ordered Grissom to lie on a mattress and then beat him with a baseball bat. While this beating was being administered, Felder allegedly watched from the other room. After the beating, Felder ordered those present to clean up the room and to dispose of the bat and mattress. Other testimony revealed that a Chicago police officer, responding to a report of a battery, found Grissom, badly injured, at the place of the beating. Grissom was rushed to the hospital, where he later died from massive trauma to the head.

Felder was arrested in connection with Grissom's death. After waiving his *Miranda* rights, he made two statements, one to a police officer and one to an assistant state's attorney. In the first statement Felder admitted ordering Dickerson to violate Golden and Grissom, but claimed that he took no part in Grissom's beating because he did not want to see him seriously hurt. In his sec-ond statement, Felder claimed to have violated Golden personally, but did not order Dickerson to violate Grissom and that he was not even present when the beating occurred.

Dickerson also made two statements, and testified on his own behalf. In his first statement, Dickerson alleged that Felder ordered him to violate Grissom, and that he struck Grissom on the legs with a bat until Grissom attempted to escape, at which point he admitted to striking Grissom on the head. Dickerson's second statement, and his testimony, roughly paralleled the first statement, although it is not entirely clear whether he continued to maintain that Felder ordered him to violate Grissom.

Cedric Golden and Belton Reed, both of whom were allegedly present when Grissom was killed, were never called to testify, either for the state or for the defense.

Felder and Dickerson were tried in a joint bench trial for Grissom's murder. The judge found Felder guilty of first degree murder under an accountability theory, and sentenced him to 25 years in prison.[2] Felder appealed his conviction to the Illinois Appellate Court, arguing that he received ineffective assistance of counsel and that the state failed to establish guilt beyond a reasonable doubt. The appellate court affirmed his conviction, and his petition for leave to appeal was denied by the Illinois Supreme Court.

Felder later filed a petition under the Illinois Post–Conviction Hearing Act, 725 ILCS 5/122–1, seeking to collaterally attack his conviction. His petition was denied as untimely. Felder sought no review of that decision.

In this petition for *habeas* relief, Felder argues that he received ineffective assistance of trial counsel, in violation of the Sixth Amendment, and that the evidence submitted at his state trial was insufficient to establish guilt beyond a reasonable doubt, in violation of the Fourteenth Amendment. Respondent argues that the ineffective-assistance-of-counsel claim has been procedurally default-

---

1. We are bound by the facts as recited by the Illinois Appellate Court. *See Smith v. Fairman,* 862 F.2d 630, 632 (7th Cir.1988), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989).

2. Dickerson was also found guilty of murder.

ed and is, in any event, meritless, and that the sufficiency-of-the-evidence argument is also meritless.

## DISCUSSION

### A. Ineffective Assistance of Counsel

The standard for determining whether a prisoner received constitutionally deficient assistance of counsel is the two-part test laid out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* requires Felder to show that his counsel's performance fell below an objective standard of reasonableness and "that there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. The Supreme Court has recently added that the prejudice prong requires a showing that the proceeding was fundamentally unfair or unreliable. *Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993).

Felder argues that his trial counsel's performance fell below the constitutional minimum in two ways. First, he alleges that his counsel failed to press for a complete separation of his trial from that of Dickerson. Second, he alleges that his counsel failed to call exculpatory witnesses. Respondent argues that Felder has procedurally defaulted his first argument, and that neither argument presents a constitutional violation on the merits.

■ Felder first argues that his attorney should have pressed the court to sever his trial from that of Dickerson. He claims that the evidence submitted to convict Dickerson was unfairly imputed to him because of his gang affiliation with Dickerson, thereby rendering his conviction unjust. We disagree. Felder has not demonstrated that his counsel's failure to press for separate trials was likely to have impacted on his conviction. Felder was convicted after a bench trial, which removed any danger that a jury could become confused watching the concurrent trials. There is no doubt that the state court

judge was fully capable of distinguishing the varying elements that the prosecution needed to prove in order to convict Dickerson and Felder, and did resist any temptation to convict Felder merely because of his improvident association. There is simply no likelihood that the outcome of Felder's trial would have been any different had Dickerson's trial not been held concurrently.[3]

■ The second alleged instance of ineffective assistance occurred when Felder's counsel failed to call Golden and Reed as witnesses.[4] Felder claims that his counsel knew that Golden would have testified that Felder "had nothing to do" with the murder. The record does not reveal what Golden would have specifically testified to, nor does it reveal the substance of what Reed would have testified to. These two witnesses were not called because Felder's counsel was under the erroneous impression that they had been excluded from testifying by the judge. The judge made clear, on Felder's motion for a new trial, that the witnesses could have testified, were they ever called. Thus, we have a case in which potentially exculpatory evidence was not submitted because of trial counsel's misunderstanding of a judge's order and a misapprehension of Illinois law on the excludability of witnesses.

The Seventh Circuit has held that *habeas* relief on account of a counsel's failure to present exculpatory evidence should not be granted unless the petitioner has "come forward with 'sufficiently precise information' as to the evidence or testimony that was not brought before the trial court." *United States ex rel. Partee v. Lane,* 926 F.2d 694, 701 (7th Cir.1991), *cert. denied,* 502 U.S. 1116, 112 S.Ct. 1230, 117 L.Ed.2d 464 (1992) (quoting *United States ex rel. Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987)). Respondent reads this caselaw as requiring us to deny Felder's petition because he has failed to present "sufficiently precise information" of the allegedly exculpatory evidence. Under respondent's view, a *habeas* petition alleging ineffective assistance on ac-

---

**3.** Because we reject his argument on the merits, we need not address respondent's waiver argument.

**4.** Respondent has not argued that Felder waived this argument.

count of a failure to present exculpatory evidence must be denied unless it appears *from the face of the petition* what the specific exculpatory evidence would be. We do not believe that the Seventh Circuit has adopted such a rule for all circumstances. Rather, we read the Seventh Circuit caselaw as advising that an evidentiary hearing may be in order to examine the exculpatory value of the missing witnesses, to determine whether or not the petitioner has satisfied the *Strickland* standard, if the content of the testimony is not apparent from the state court record. *See Partee*, 926 F.2d at 701 (explaining that most "missing witness" *habeas* cases are determined after the content of the evidence has been submitted to the district court); *United States ex rel. McCall v. O'Grady*, 908 F.2d 170, 174–75 (7th Cir.1990) (noting that these types of cases usually proceed with an evidentiary hearing in the district court).

Here the state courts have not made any findings of fact regarding the content of Golden or Reed's testimony or counsel's knowledge or lack of knowledge of what he expected that testimony to be, and it is clearly premature to speculate as to the prejudicial nature of counsel's failure to call them to testify. The *habeas* statute grants us the discretion to hold an evidentiary hearing to examine facts that were not resolved at the state proceeding. 28 U.S.C. § 2254. An evidentiary hearing should be held to determine whether the failure of the witnesses to testify likely affected the outcome of Felder's trial.[5] We note that an evidentiary hearing is not required every time a *habeas* petition alleges a failure to produce exculpatory evidence. This case is special in that it is clear from the record that Felder's counsel wanted to present this evidence but erroneously believed that he could not, and that the missing witnesses were allegedly witnesses to the crime itself.

*Strickland* sets the bar high in cases such as this. Felder has the difficult task of demonstrating that the failure to call these witnesses not only likely affected the outcome of the trial, but also rendered the proceeding fundamentally unfair. Despite these many obstacles in his path, Felder is at least entitled to try.

## B. *Sufficiency of the Evidence*

■ In *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979) the Supreme Court held that a prisoner is denied due process if the evidence submitted at his trial was insufficient to support a finding of guilt beyond a reasonable doubt. The standard is whether "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* Thus, *habeas* relief will lie only "if the defendant can establish that the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Dawn*, 900 F.2d 1132, 1137 (7th Cir.), *cert. denied*, 498 U.S. 949, 111 S.Ct. 368, 112 L.Ed.2d 330 (1990).

■ Under Illinois law a defendant is guilty of murder under an accountability theory if he solicits, aids, or abets another in the commission of the crime, either before or after the commission of the offense, and had the specific intent to promote or facilitate the commission of the offense. 720 ILCS 5/5–2(c). Felder argues that the state failed to establish that he had the intent to promote or facilitate the murder of Grissom and, consequently, he was denied due process.

Felder has failed to establish the threshold showing required by *Jackson*. The state submitted evidence at trial that Felder ordered that Grissom should be violated,[6] that he observed the beating, and that he then ordered others to dispose of incriminating evidence. This is more than enough to allow

---

**5.** Respondent argues that Golden's and Reed's testimony are irrelevant because there is enough evidence to conclude that Felder ordered Dickerson to violate Grissom. However, Golden and Reed, both of whom allegedly witnessed the crime, could have substantiated Felder's claim that he was not there and did not order the violation. As such, their testimony is potentially very relevant to the issue of Felder's intent.

**6.** This evidence includes Felder's first statement to the police, in which he admitted that he ordered Dickerson to violate Grissom.

a rational trier of fact to conclude that Felder had the specific intent to facilitate or cover up conduct that would likely result in great bodily harm. Although we have lingering doubts whether Felder had the intent required by statute, the state has clearly established that Felder's conviction did not violate the due process clause. Therefore, we deny *habeas* relief on the grounds that the state failed to establish guilt beyond a reasonable doubt.

### CONCLUSION

For the foregoing reasons, Felder's petition for *habeas corpus* is denied in part, in that we reject his claim that the evidence was insufficient to support a finding of guilt beyond a reasonable doubt. We will, however, hold an evidentiary hearing to determine whether counsel's failure to call Golden and Reed violated the Sixth Amendment. We will defer our ruling on Felder's ineffective-assistance claim until after the evidentiary hearing.

### ORDER ON RECONSIDERATION

Petitioner Robert Felder (Felder) filed this action for *habeas corpus* under 28 U.S.C. 2254, seeking relief from his state conviction for murder. Felder alleges that he received ineffective assistance of counsel, in violation of the Sixth Amendment, and that the evidence submitted at his trial was insufficient to support a finding of guilt beyond a reasonable doubt, in violation of the Fourteenth Amendment.[1] On May 19, 1995, we denied Felder's petition in part, ruling that the sufficiency of the evidence claim was without merit. However, that same order granted Felder an evidentiary hearing to determine whether his counsel's failure to call two potentially exculpatory witnesses constituted ineffective assistance of counsel. Before us now is the state's motion under Rule 60 seeking reconsideration of our May 19, 1995 order. For the reasons set forth below, the motion is denied.

### DISCUSSION

The state asks us to reconsider, claiming earlier mistakes of law and fact.

The Seventh Circuit has held that " 'relief from a judgment under 60(b) is an extraordinary remedy and is granted only in exceptional circumstances.' " *Bally Export Corp. v. Balicar, Ltd.,* 804 F.2d 398, 400 (7th Cir. 1986) (quoting *United States v. Zima,* 766 F.2d 1153, 1157 (7th Cir.1985)). The remedy is limited to situations in which "the Court has patently misunderstood the party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va.1983)). The rule permits us only to " 'correct manifest errors of law or fact.' " *Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir.1987), *modified on other grounds,* 835 F.2d 710 (7th Cir.1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.,* 561 F.Supp. 656, 665–66 (N.D.Ill. 1982), *aff'd,* 736 F.2d 388 (7th Cir.1984)); *see also Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988) ("[our] opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure"). Thus, we will "not entertain a motion for reconsideration that merely reiterates arguments previously raised." Finally, it is well established that motions for reconsideration "cannot be used to raise legal arguments or present evidence that could have been adduced during the pendency of the original action." *Asllani v. Board of Education of City of Chicago,* 845 F.Supp. 1209, 1226 (N.D.Ill. 1993); *see also Publishers Resource, Inc. v. Walker–Davis Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985) ("Nor should a motion for reconsideration serve as the occasion to tender new legal theories for the first time.") (emphasis removed) (quoting *Keene Corp. v. International Fidelity Insurance Co.,* 561 F.Supp. 656, 666 (N.D.Ill.1982), *aff'd,* 736 F.2d 388 (7th Cir.1984)).

The state advances two arguments in support of its contention that Felder is not enti-

---

1. The facts the murder and Felder's conviction are fully set forth in our previous order and will not be reproduced here.

tled to an evidentiary hearing: first, that Felder failed to develop the factual record to support his ineffective assistance claim in the state court, and second, that even if the facts are as Felder alleges, he is not entitled to relief on the merits.

■ The state correctly notes that a *habeas* petitioner's failure to develop the factual background of a constitutional claim in the state court prevents him from receiving *habeas* relief on that claim. *See Keeney v. Tamayo–Reyes*, 504 U.S. 1, 9–10, 112 S.Ct. 1715, 1720, 118 L.Ed.2d 318 (1992). The state argues that Felder failed to develop the factual background of his ineffective assistance claim in the state court because he failed to make a sufficiently precise showing of the content of Golden and Reed's testimony. Whether or not that is true, the state failed to present that argument in its original response to Felder's petition.[2] A motion for reconsideration is not the place to advance new theories that could have been advanced earlier. *Asllani*, 845 F.Supp. at 1226. Since the state could have presented this argument in its original response, but failed to do so, it cannot do so on this motion for reconsideration.

■ The state's second argument is that Felder could not prevail on the merits of his claim regardless of what is established at an evidentiary hearing; that given the compelling evidence of his guilt, Felder could not establish that his counsel's errors likely affected the outcome of his trial. We disagree. First, we already considered and rejected the state's arguments on the merits in our earlier memorandum and order. The state obviously disagrees with our holding, but it is clear our holding did not result from a manifest error of law or fact and therefore it is not open for challenge on this motion for reconsideration.[3] *See Bank of Waunakee*, 906 F.2d at 1191. In any event, we disagree with the state that an evidentiary hearing would be fruitless. If the hearing reveals that Golden and Reed witnessed the murder and would have testified that Felder had nothing

to do with the crime, and the only reason why they were not called was because of counsel's unprofessional error, Felder may be entitled to *habeas* relief despite the evidence the state presented tending to establish his guilt. Felder may be able to establish that the outcome of his trial would have likely been different and that the proceeding was fundamentally unfair. *See Lockhart v. Fretwell,* —— U.S. ——, ——, 113 S.Ct. 838, 842, 122 L.Ed.2d 180 (1993). That determination of course is premature. So is, for that matter, an evidentiary hearing, because the state seeks to proceed, initially at least, pursuant to Rule 7. That it should do, including the submission of any affidavits, by September 13, 1995. The petitioner should file any response to that submission, including any affidavits from himself or others, by October 13, 1995.

---

**2.** Indeed, the state conceded that Felder's ineffective assistance claim "does not suffer from the procedural infirmities discussed above," Resp. Ans. at 5, and contested the ineffective assistance claim only on the merits.

**3.** In rendering our previous decision, we were well aware of the difficulties in proving a Sixth Amendment claim, and in fact noted that Felder "had many hurdles to overcome."