### In re John MILLS, Jr., Petitioner.

#### No. 96–1255.

United States Court of Appeals,
Eleventh Circuit.

Dec. 5, 1996.

---

**9.** See Judge Silberman's opinion in *Crawford–El*, *supra*, for a historical and statistical analysis.

**10.** *Crawford–El*, *supra*, recognizes that trial courts are caught in a "vortex of changing standards."

See also 462 So.2d 1075.

Gail E. Anderson, Office of the Capital Collateral Representative, Tallahassee, Florida, for Appellant/Petitioner.

Richard B. Martell, Assistant Attorney General, Department of Legal Affairs, Tallahassee, Florida, for Appellee/Respondent.

Before TJOFLAT, KRAVITCH and COX, Circuit Judges.

PER CURIAM:

Pursuant to 28 U.S.C. §§ 2254 and 2244, as amended by §§ 104 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996, John Mills, Jr. has applied for an order authorizing the district court to consider a second or successive petition for a writ of habeas corpus. Section 2244(b)(1) provides that a claim presented in a successive petition which has previously been presented shall be dismissed. Further, section 2244(b)(2) provides that:

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be denied unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Mills presents two *Brady* claims in his application. The first is that now-deceased Charlie Ash, then a detective in the Leon County Sheriff's Department, failed to disclose information to Wakulla County law enforcement officials that tended to impeach the State's principal witness, William Frederick. As a result, the prosecutors in this case did not disclose the information to Mills before trial in violation of *Brady*. The basis of this claim is an affidavit given by Marsha Porter; Mills contends that he obtained information regarding Porter from Tina Partin. Partin had testified as a defense witness at trial; Mills argues that trial counsel could not have obtained information regarding Porter from Partin at that time, and con-

tends that post-conviction counsel were able to locate Partin only recently with the aid of "the information superhighway." Inexplicably, Mills does not offer Partin's affidavit in support of his contentions.

The second claim alleges that the State withheld information regarding alleged inducements it offered Frederick to testify falsely against Mills. While both of Mills' claims question Frederick's credibility, neither offer any evidence that Mills did not murder Leslie Lawhon.

 Mills' first claim is a restatement of the *Brady* claims we addressed in *Mills v. Singletary,* 63 F.3d 999, 1014–1020 (11th Cir. 1995). Mills' second claim, also restating claims we have heard before, *see id.,* is based on information contained in a recently obtained affidavit of Frederick. This affidavit is substantially identical to the one we quoted in *Mills v. Singletary,* 63 F.3d at 1016, n. 27, with the additional allegations that law enforcement officials physically assaulted Frederick to compel his cooperation and offered him $10,000 in reward money in return for his testimony implicating Mills.

Because both of Mills' claims have been presented in a prior petition, they must be dismissed. 28 U.S.C. § 2244(b)(1). To the extent that the application can be interpreted to assert new claims, Mills has failed to make a prima facie showing, as required by section 2244, that either of his claims (1) rely on a new rule of constitutional law, or (2) are predicated on newly discovered evidence which could not have been discovered previously through the exercise of due diligence and which would establish by clear and convincing evidence that, absent the error, no reasonable factfinder would have found Mills guilty of the underlying offense. For the foregoing reasons, Mills' application for an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus is hereby

DENIED.