**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

ISA ABD' ALLAH RAMADAN
SHABAZZ,

    Plaintiff-Appellant,

v.

STEPHEN W. KAISER,

    Defendant-Appellee.

No. 96-6404
(D.C. No. CIV-88-2239-R)
(W. Dist. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Isa Abd' Allah Ramadan Shabazz, also known as Jimmy Phillips, appeals the denial of his motion for relief from judgment. On October 8, 1996, the district court adopted the magistrate's findings and recommendations, finding plaintiff's objections to the magistrate's findings were not timely filed and that plaintiff thereby waived review of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

those findings. The court construed plaintiff's motion as a habeas application pursuant to 28 U.S.C. § 2254, finding it was another attempt to file a successive habeas action and to avoid preconditions for filings imposed on plaintiff on February 16, 1989, that the motion did not demonstrate extraordinary circumstances warranting relief under Fed. R. Civ. P. 60(b)(6), and that plaintiff had shown no supervening change in law subsequent to entry of judgment which warranted review. The court also found plaintiff's motion for appointment of counsel was untimely and denied it as moot.

On appeal, plaintiff contends (1) a change in law warrants relief from judgment; (2) a change in law warrants the issuance of a certificate of appealability; (3) the waiver rule as a procedural bar does not apply; (4) the state district court was without jurisdiction to impose the 1970 judgment and sentence; (5) he was denied due process because the court did not instruct on penetration; and (6) he was afforded ineffective assistance of counsel at the trial and appellate levels.

Plaintiff was convicted of rape in Oklahoma in 1970 and was sentenced to 1,000 years in prison. He has filed numerous habeas petitions based on the argument that the jury was not instructed on the element of penetration. At the time of the 1989 order imposing preconditions for filings, plaintiff had filed at least twenty-two habeas actions, including at least seven relating to the 1970 conviction. In 1992, plaintiff changed strategies and filed a Rule 60(b) motion for relief from judgment, raising the same issues as in his habeas actions. The district court denied the motion and we dismissed the appeal in Phillips v. Kaiser, No. 92-6172 (1992). The present Rule 60(b) motion for relief from judgment was filed July 31, 1995. The magistrate's findings were filed September 20, 1995. Plaintiff requested and received one extension of time to file objections and

requested another extension, which was not addressed. He filed his objections after expiration of the first extension.

Plaintiff's failure to timely object to the magistrate's findings precludes our review of the district court's order. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). Where, as here, an objection is filed before any ruling on a timely request for extension, a remand is generally required to assure failure to grant the extension was not merely clerical error. United States v. Morales, 108 F.3d 1213, 1224 (10th Cir. 1997). However, a remand is not necessary here as we conclude plaintiff's motion must be dismissed in any event.

The Antiterrorist and Effective Death Penalty Act of 1996 deprived the district court of jurisdiction to hear a second or successive habeas application without an order from the court of appeals authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). Statutes conferring or ousting jurisdiction generally apply to actions pending at the time of the statute's enactment. Landgraf v. USI Film Products, 511 U.S. 244 (1994). Consequently, the district court lacked jurisdiction to rule on plaintiff's motion (see Williams v. Stegall, 945 F. Supp. 145, 148 (E.D. Mich. 1996)), and the court should have transferred the case to the court of appeals upon deciding to treat the motion as a successive habeas application (see Coleman v. United States, 106 F.3d 339, 340-41 (10th Cir. 1997)). We therefore treat plaintiff's action before us as a motion to authorize the district court to consider his successive habeas application. We may grant such authorization only if we determine "the application makes a prima facie showing that the application satisfies the requirements" of § 2244(b). See 28 U.S.C. § 2244(b)(3)(C).

"A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1). Plaintiff has asserted his present claim in prior habeas actions and he is not entitled to again bring the claim. See In re Mills, 101 F.3d 1369 (11th Cir. 1996) (applying § 2244(b)(1)). This limitation applies to Rule 60(b) motions filed subsequent to denials of applications for writs of habeas corpus when treated as successive habeas applications. See In re Medina, 109 F.3d 1556 (11th Cir. 1997); Felker v. Turpin, 101 F.3d 657 (11th Cir.), cert. denied 117 S. Ct. 451 (1996); McQueen v. Scroggy, 99 F.3d 1302, 1334 (6th Cir. 1996).

Plaintiff also contests the district court's order imposing a filing fee under the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(b)(2), arguing the Act does not apply to habeas actions. We agree and vacate the court's December 12, 1996, order imposing a $105 filing fee. See United States v. Simmonds, 1997 WL 177560 **3-6 (10th Cir. 1997).

Plaintiff has filed with this court a motion to recall mandates and assume jurisdiction over his prior appeals from district court orders denying habeas relief. We find no merit to this motion and it is DENIED.

We DENY plaintiff's motion seeking authorization to file a successive habeas application and REMAND to the district court with directions to DISMISS this action. The district court's order imposing a filing fee is VACATED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-