[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13405

Non-Argument Calendar

_____

CARLOS L. WOODSON,

Petitioner-Appellant,

*versus*

SECRETARY, DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:02-cv-21921-PAS

_____

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Livon Woodson, a state prisoner proceeding *pro se*, appeals the dismissal of his Federal Rule of Civil Procedure Rule 60(b) motion. For the reasons stated, we affirm the district court's dismissal.

## I.

Woodson is serving a forty-five-year total sentence for one count of burglary with intent to commit an assault or battery and two counts of sexual battery with use of a deadly weapon. In his Rule 60(b) motion, he argued to the district court that his pretrial right to access the state's evidence was violated by not being able to test small pieces of DNA remaining after the state's tests. Woodson asserted that new testing technology now allowed those small pieces to be tested, so the district court should reopen his original 28 U.S.C. § 2254 proceeding from 2002 to test it. The district court dismissed his motion for reconsideration for lack of jurisdiction after finding that the motion challenged the legality of Woodson's state court conviction and that Woodson had not applied for leave to file a successive petition before this Court.

On appeal, Woodson argues that the state's denial of his access to DNA at trial prevented him from having effective assistance of counsel. Woodson also asserts that more accurate DNA testing became available, meaning that he could not test the DNA to prove

his actual innocence.  He contends that should he have been able to test the DNA, no reasonable juror would have found him guilty.

## II.

When appropriate, we review a district court's order on a Rule 60(b) motion for abuse of discretion.  *Willard v. Fairfield S. Co., Inc.*, 472 F.3d 817, 821 (11th Cir. 2006).  At the outset, however, we consider whether the district court had jurisdiction to consider a Rule 60(b) motion.  *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are 'obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'" (quoting *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004)).  We review jurisdictional issues *de novo.  Id.*  We will liberally construe *pro se* filings "to discern whether jurisdiction . . . can be founded on a legally justifiable base."  *Fernandez v. United States*, 941 F.2d 1488, 1491 (11th Cir. 1991).  Accordingly, courts are obligated to "look behind the label" of *pro se* inmate filings to determine whether they are cognizable under "a different remedial statutory framework."  *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990).

Federal Rule of Civil Procedure 60 provides a limited basis for a party to seek relief from a final judgment in a civil case.  Rule 60(b) states in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

According to the Rules Governing 28 U.S.C. § 2254, the Federal Rules of Civil Procedure "may be applied, when appropriate" in habeas proceedings, but only "to the extent that they are not inconsistent with any statutory provisions or these rules." 28 U.S.C. § 2254 R. 12. We likewise have noted that "statutory provisions governing habeas proceedings also trump general civil rule provisions that are inconsistent, and that is especially true of subsequently enacted statutory provisions such as those in the [Anti-Terrorism and Effective Death Penalty Act]." *Gonzalez v. Sec'y for Dep't of Corr.,* 366 F.3d 1253, 1270 (11th Cir. 2004) (en banc); *see also* Fed. R. Civ. P. 81(a)(4).

20-13405                Opinion of the Court                 5

In habeas cases, the Supreme Court has held that Rule 60(b) motions are to be considered impermissible successive habeas petitions if the prisoner either (1) raises a new ground for substantive relief, or (2) attacks the habeas court's previous resolution of a claim on the merits. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). On the other hand, a Rule 60(b) motion can proceed if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's . . . conviction." *Id.* at 533. Thus, a Rule 60(b) motion would be proper, for example, if it (1) asserts that a federal court's previous habeas ruling that precluded a merits determination (i.e., a procedural ruling such as a failure to exhaust, a procedural bar, or a statute-of-limitations bar) was in error; or (2) attacks a defect in the federal habeas proceeding's integrity, such as a fraud upon the federal habeas court. *See id.* at 532–36 & nn.4–5.

Under 28 U.S.C. § 2244(b)(3)(A), a state prisoner who wishes to file a second or successive habeas corpus petition must move the court of appeals for an order authorizing the district court to consider such a petition. Here, the district court did not err when it dismissed Woodson's Rule 60(b) motion as an impermissible successive § 2254 petition. The district court had the authority to look behind the label of Woodson's motion and recharacterize it to the relevant statutory framework. *Fernandez*, 941 F.2d at 1491; *Jordan*, 915 F.2d at 624–25. While Woodson may have couched his claim as a Rule 60(b) motion, the motion directly attacked the validity of his conviction by arguing that the DNA evidence would be

used to prove his actual innocence.  Because those arguments make it an impermissible successive § 2254 petition,  *see Crosby*, 545 U.S. at 531–32,  Woodson was required to apply for leave to file such a pleading before this Court, and Woodson has failed to do so.  *See* 28 U.S.C. § 2244(b)(3)(A).  Accordingly, we affirm the decision to dismiss the motion.[1]

    **AFFIRMED.**

---

[1] To the extent that Woodson's arguments constitute an application for leave to file a second or successive 28 U.S.C. § 2254 petition, we would dismiss it, as those arguments contain the same gravamen as his prior successive applications, and we do not have the jurisdiction to consider it.  *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016); *see In re Everett*, 797 F.3d 1282, 1288; *In re Baptiste*, 828 F.3d 1337, 1339; *In re Mills*, 101 F.3d 1369, 1371 (11th Cir. 1996).