**Simon ARNOLD, Jr., Petitioner,**

**v.**

**ILLINOIS PRISONER REVIEW BOARD, Respondent.**

**No. 90 C 5698.**

United States District Court, N.D. Illinois, E.D.

Oct. 15, 1990.

Simon Arnold, Jr., pro se.

**MEMORANDUM OPINION AND ORDER**

SHADUR, District Judge.

Simon Arnold, Jr. ("Arnold") requests leave to file his pro se petition (the "Petition") under 28 U.S.C. § 2254 ("Section 2254") without prepayment of the filing fee. For the reason briefly stated in this memorandum opinion and order, this Court grants such leave but summarily dismisses the Petition without prejudice to its future refiling if and when Arnold cures the nonexhaustion problem identified here.

---

Arnold's 16-page Petition advances a number of constitutional challenges to his parole hearing of May 30, 1990 and the ensuing en banc parole hearing the next day. It is unnecessary to examine the merits of Arnold's claims, however, because—quite contrary to his statement that "[n]either ground raised in grounds A and B have been presented to the highest state court having jurisdiction, because Petitioner has no available state remedy under Illinois law"—Arnold has access to a state court mandamus action.

*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) calls for the dismissal of "mixed" petitions for federal habeas corpus relief—those containing both claims that have and claims that have not been exhausted in the state courts by resort to every available state court remedy. *Rose* has engendered progeny too numerous to cite without needlessly prolonging this opinion. And the specialized application of the *Rose* teaching to Arnold's precise situation is taught by *United States ex rel. Johnson v. McGinnis*, 734 F.2d 1193, 1198 (7th Cir.1984):

> Illinois courts have recognized that petitions for writs of mandamus directed against corrections officials may be an appropriate remedy for constitutional violations of parole procedures and prison conditions.

Arnold must exhaust that remedy before seeking federal relief.

Arnold's petition for a writ of habeas corpus is therefore dismissed without prejudice for his failure to exhaust state court remedies. Arnold's motion for appointment of counsel is accordingly denied as moot.