## UNITED STATES of America ex rel. John E. MURRAY, Jr. # C–60247, Petitioner,

v.

## Lamar K. CARTER, Warden, Joliet Correctional Center, Respondent.

### No. 98 C 1267.

United States District Court,
N.D. Illinois,
Eastern Division.

March 2, 1998.

John E. Murray, Jr., Joliet, IL, pro se.

### MEMORANDUM ORDER

SHADUR, Senior District Judge.

John E. Murray, Jr. ("Murray") has just tendered a 28 U.S.C. § 2254[1] Petition for Writ of Habeas Corpus ("Petition"), together with an accompanying Motion for Appointment of Counsel ("Motion"). Murray seeks to challenge alleged constitutional violations that he has suffered through the repeated denials of parole from the sentence that he is serving for multiple murder convictions that date back to December 31, 1975. Murray's contention is that in light (1) of the many years that he has already served and (2) the nature of the claimed constitutional violations, he should be released from custody now.

This is not Murray's first effort to obtain such relief. On May 23, 1994 this District Court's Clerk's Office received a Section 2254 petition in which he advanced the same contention that the denials of parole to that point had similarly violated his constitutional rights. On June 20, 1994 this Court's colleague Honorable Brian Barnett Duff (to whom that case had been assigned at random, just as this case has been randomly assigned to this Court's calendar) summarily dismissed that earlier petition because of Murray's failure to have exhausted the available state remedy of mandamus (in that respect Judge Duff cited *United States ex rel. Johnson v. McGinnis,* 734 F.2d 1193, 1198 (7th Cir.1984) and this Court's opinion in *Arnold v. Illinois Prisoner Review Bd.,* 752 F.Supp. 249, 250 (N.D.Ill.1990)). That ground for the earlier disposition renders inapplicable the need to seek current authorization from our Court of Appeals as a "sec-

---

**1.** All further references to Title 28's provisions will simply take the form "Section—."

ond" habeas corpus application subject to Section 2244(b)(3)(A) (*Benton v. Washington,* 106 F.3d 162, 163–64 (7th Cir.1996), followed in *Felder v. McVicar,* 113 F.3d 696, 697 (7th Cir.1997)).

But Murray faces the same fate of summary dismissal of his current Petition on the selfsame ground. Despite the clarity of Judge Duff's memorandum order in pointing to the Illinois remedy that our Court of Appeals has identified as available to prisoners in Murray's situation, he did *not* thereafter seek relief via a mandamus petition. Instead page 14 of Murray's lengthy current Petition reflects that he filed a habeas corpus petition in the Circuit Court of Cook County (see also Petition App. F) later in 1994, and when that was not acted on he says that he filed an original petition for writ of habeas corpus in the Illinois Supreme Court some time in June 1997.[2]

That simply does not satisfy the requirements of Section 2254(b)(1)(A) and (c) that require Murray "to have exhausted the remedies available in the courts of the State" as a precondition to seeking or obtaining federal habeas relief. And this is not a matter of his being trapped in the type of procedural maze that three Justices decried a half-century ago in *Marino v. Ragen,* 332 U.S. 561, 562, 68 S.Ct. 240, 92 L.Ed. 170 (1947) (Rutledge, J., concurring)—here Judge Duff expressly identified Murray's procedural path that our Court of Appeals had marked out in *Johnson,* but Murray failed to pursue that avenue. Indeed, even on Murray's own statement it seems that he has not played out the string on the path that he *did* pursue (see n. 2).

Accordingly this Court summarily dismisses the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Two final points:

1. This disposition moots Murray's accompanying Motion, which is therefore de-

nied on that ground. But Murray's attention is also called to the fact that if he were later to renew his efforts to obtain habeas relief, he would have to provide an appropriate response to the part of the Motion form that requires him to show what attempts he has made on his own to retain counsel to represent him.

2. Although Murray has indicated in filling out the Motion that he has attached an Application To Proceed In Forma Pauperis ("Application") specifying his financial status, he has not in fact done so. But given the modest $5 fee that applies to habeas petitions, this Court orders Murray to pay that amount to the Clerk of Court on or before March 20, 1998. In the absence of such a payment, this District Court will not entertain any further filings from Murray in the future.

---

**2.** In part Murray's Petition also reflects that the Illinois Supreme Court was attentive to another aspect of his post-conviction efforts. In response to his pro se motion seeking related relief, the Illinois Supreme Court did issue an October 8, 1996 supervisory order directing the Circuit Court to amend the mittimus to reflect that Murray had been conviction of two murders rather than six. That scarcely bespeaks a situation in

which the state courts are blithely ignoring what Murray seeks to present to them in proper fashion. Moreover, one thing that Murray has *not* said in his Petition is that the Supreme Court has actually rejected his habeas petition before it (if it has not, that represents another unexhausted remedy, while if it has, the exhaustion problem referred to in the text still exists).