**Robert FELDER, Petitioner,**

v.

**Richard D. McVICAR, Respondent.**

No. 97–9019.

United States Court of Appeals, Seventh Circuit.

Submitted April 10, 1997.

Decided May 8, 1997.

---

Robert Felder (submitted on briefs), Vienna, IL, for himself.

James E. Ryan, Office of the Attorney General, Springfield, IL, for Respondent.

Before POSNER, Chief Judge, and MANION and ROVNER, Circuit Judges.

POSNER, Chief Judge.

Felder, a state prisoner, seeks leave under 28 U.S.C. § 2244(b)(3)(A) to file a second petition for habeas corpus challenging his imprisonment for murder. His motion raises two issues, only one of which, however—a claim of ineffective assistance of counsel—is colorable. He claims that his lawyer at the murder trial failed to interview two eyewitnesses who, Felder says, would have exonerated him. Felder, assisted by counsel, had filed an identical petition for habeas corpus previously but had voluntarily dismissed it before the judge determined its merits, though after the judge had ruled that the petition had enough merit to entitle Felder to an evidentiary hearing. *United States ex rel. Felder v. Gramley*, 893 F.Supp. 768 (N.D.Ill. 1995). We must decide whether leave to file a second petition must be denied by virtue of 28 U.S.C. § 2244(b)(1) (added by the Antiterrorism and Effective Death Penalty Act of 1996), which provides that "a claim presented in a second or successive habeas corpus application under section 2254 [state prisoners' federal habeas corpus] that was presented in a prior application shall be dismissed." The claim of ineffective assistance that is the core of the present petition was presented in the first petition; the question, one of first impression, is whether the first petition should be disregarded because there was no decision denying it, merely a voluntary dismissal by the petitioner.

*Benton v. Washington*, 106 F.3d 162 (7th Cir.1996), holds that if the first petition was not accepted (maybe it was returned for nonpayment of the filing fee, or because the petitioner had failed to exhaust his state remedies it had been filed prematurely, or it simply was unintelligible), see Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, then the second petition is not a successive petition, because the first is a nullity. *Benton v. Washington, supra*, 106 F.3d at 164–65. But *Benton* is equally clear that dismissal of the first petition need not be on the merits to make the first petition count; and it gives the example of—a voluntary dismissal, *id.* at 164, as in this case. *Benton* does not, however, state that *any* voluntary dismissal of the first petition makes a subsequent petition second or successive; and the present case may seem one in which the circumstances of the voluntary dismissal make it like the cases instanced in *Benton* in which the first peti-

tion is to be ignored and the second treated as the first.

■ The ground on which Felder moved to withdraw his petition was that he was unable to submit affidavits from the eyewitnesses, as invited by the district judge when he granted Felder an evidentiary hearing. Had the only basis of the motion been that Felder could not obtain the affidavits on the district court's timetable, this would make the motion a clumsy effort at obtaining an extension of time; and then perhaps the case could be assimilated to those listed in *Benton* in which a petition is not accepted, simply because it is premature or formally deficient. This we need not decide. It is not a tenable interpretation of Felder's motion. The motion says that his lawyer (remember that Felder was represented by counsel in his first habeas corpus proceeding) interviewed the two eyewitnesses and on the basis of the interviews determined that she would be unable to obtain affidavits from them and "furthermore ... will be unable to sustain [the petitioner's] burden of proof at an evidentiary hearing." This is an admission of defeat; and a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits. For decisions to this effect under the old law, see *Hurd v. Mondragon,* 851 F.2d 324, 329 (10th Cir.1988); *Spann v. Martin,* 963 F.2d 663, 672–73 (4th Cir.1992); cf. *McGary v. Scott,* 27 F.3d 181, 184 (5th Cir.1994). For a similar decision under a related provision of the new law, see *Neal v. Gramley,* 99 F.3d 841, 846 (7th Cir.1996).

■ So Felder's first petition, though not dismissed by court action either on the merits or otherwise, cannot be disregarded. It was a first petition within the meaning of the rule; and Felder must squeeze through the narrow gateway that the new law has created for successive petitions. He cannot do so. A claim that has been presented in the first petition cannot be presented in a second. Period. The claim of ineffective assistance of counsel in failing to interview the two eyewitnesses is the same in this petition as in the

previous one. The fact that Felder may have new evidence—he claims now to be able to obtain those affidavits—does not change the claim. *In re Mills,* 101 F.3d 1369 (11th Cir.1996) (per curiam); see also *Denton v. Norris,* 104 F.3d 166 (8th Cir.1997); *In re Medina,* 109 F.3d 1556, 1566 (11th Cir.1997). A newly discovered factual basis for a claim may permit filing a successive petition raising a *new* claim, 28 U.S.C. § 2244(b)(2) and (b)(2)(B)(i), but it does not permit filing a successive petition raising the same claim that was presented in a previous petition.

So Felder may not file a successive petition complaining about ineffective assistance of counsel at trial—unless he dismissed the first petition in reliance on the law that existed before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 and that was more liberal with regard to the filing of successive petitions for habeas corpus. *Burris v. Parke,* 95 F.3d 465 (7th Cir. 1996) (en banc). He could not have relied. He moved for dismissal two months after the new Act was passed. And he was represented by counsel when he did so.

The motion for leave to file a successive petition for habeas corpus is

DENIED.