124 F.3d 207
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Serafin FLORES, Petitioner,
v.
UNITED STATES of America, Respondent.
 No. 97-8080.
 United States Court of Appeals, Eighth Circuit.
 Submitted: Aug. 20, 1997.
Decided: Aug. 26, 1997.
 
 Appeal from the United States District Court for the Southern District of Iowa
 Before BEAM, MORRIS SHEPPARD ARNOLD, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Serafin Flores, a federal prisoner, appeals from a district court[1] order dismissing a second 28 U.S.C. § 2255 motion because Flores had not sought certification from this court prior to filing the motion. We reverse and remand.
 
 
 2
 A jury found Flores guilty of conspiracy to distribute methamphetamine. While Flores's direct appeal was pending before this court, a 28 U.S.C. § 2255 motion was filed in the district court on behalf of Flores.[2] Finding that it lacked jurisdiction to review the § 2255 motion while the direct appeal was pending, the district court dismissed the motion without prejudice to Flores's right to file a § 2255 motion if his conviction was affirmed. Subsequently, this court dismissed the direct appeal as untimely filed. United States v. Flores, No. 95-3123, 1996 W.L. 102420 (unpublished per curiam). After the Anti-terrorism and Effective Death penalty Act was enacted, Flores filed the second § 2255 motion in the district court. The court dismissed the second motion because Flores had not sought certification from this court pursuant to 28 U.S.C. § § 2255 and 2244(b).
 
 
 3
 We hold that a habeas petition which is filed after a prior petition has been dismissed without prejudice does not qualify as "second or successive" habeas application within the meaning of § § 2255 and 2244(b). See McWilliams v. Colorado, --- F.3d ---, 1997 WL 452575 at * 2 (10th Cir. August 11, 1997) (collecting cases holding that 28 U.S.C. § 2254 habeas petition filed after prior petition was dismissed without prejudice for failure to exhaust state remedies is not "second or successive" petition within meaning of 28 U.S.C. § 2244(b)(1)). Accordingly, we reverse the decision of the district court and remand for further proceedings.
 
 
 
 [1]
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa
 
 
 [2]
 Flores maintains that he did not authorize the filing of the first § 2255 motion