James Eddie **GARRETT**, Petitioner–Appellant,

v.

**UNITED STATES** of America, Respondent–Appellee.

No. 98–2236.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 7, 1998.*

Decided May 26, 1999.

---

* This successive appeal has been submitted to the same panel that heard the original appeal. See Operating Procedure 6(b). After examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

James E. Garrett (submitted), Marianna, FL, pro se.

Patrick S. Layng, Office of the United States Attorney, Criminal Division, Chicago, IL, for Respondent–Appellee.

Before HARLINGTON WOOD, JR., RIPPLE and MANION, Circuit Judges.

PER CURIAM.

James Eddie Garrett filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court dismissed the motion for lack of jurisdiction because Mr. Garrett had failed to seek leave from this court before filing a second or successive motion. *See* 28 U.S.C. §§ 2255 & 2244; *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir.1996). Mr. Garrett filed a timely notice of appeal from the district court's order of dismissal, and the district court granted his request for a certificate of appealability. We now reverse the order of dismissal and remand for further proceedings.

## DISCUSSION

This case presents the question of whether a § 2255 motion should be characterized as "second or successive" when it follows two previous § 2255 motions that were dismissed without prejudice. Mr. Garrett filed a § 2255 motion in January 1992; he raised nine grounds for relief. In early March 1992, the district court ordered the government to respond by April 1, and on March 31, 1992, the government mailed Mr. Garrett its response that urged the denial of his motion. But five days earlier, on March 26, Mr. Garrett, then incarcerated in Oklahoma, had served by mail a motion to withdraw the pending § 2255 motion, which he described as the "artless" effort of a layperson without legal training. The district court granted the motion to withdraw and dismissed without prejudice.

In April 1995, Mr. Garrett filed another § 2255 motion that raised four grounds for relief. The district court never took this motion under advisement nor ordered a response, and seven months later, on October 30, 1995, Mr. Garrett moved to withdraw it. He explained that the "layman" who prepared the motion had failed to raise all constitutional issues. As he had done in withdrawing his 1992 motion, Mr. Garrett asserted that he needed someone with legal training to help him clarify the issues for presentation. Again, the district court granted the motion to withdraw and dismissed without prejudice.

On April 24, 1997, Mr. Garrett filed the present § 2255 motion, which raised three grounds for relief. At least one of these issues, based on the Supreme Court's decision in *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), could not have been raised in the earlier motions, because *Bailey* was not decided until December 6, 1995, after the court had dismissed the prior motions. *See In re Davenport,* 147 F.3d 605, 610 (7th Cir. 1998). The government filed a response; it did not claim that the petition was successive. Relying primarily on *Felder v.*

*McVicar*, 113 F.3d 696 (7th Cir.1997), and *Benton v. Washington*, 106 F.3d 162 (7th Cir.1996), the district court held that the motion was "second or successive." However, Mr. Garrett's current motion is not precluded under either *Felder* or *Benton*.

In *Felder*, the petitioner had filed an earlier petition for habeas corpus and had moved to have it dismissed before a ruling on the merits, but after the district court had set a date for an evidentiary hearing. *See* 113 F.3d at 697. The district court granted the motion to dismiss without prejudice. We held, however, that the second, identical petition was successive because Felder had moved to dismiss the first as soon as it became evident that the district court was going to dismiss it on the merits. *See id.* at 698. We observed that Felder's attorney conceded defeat in her motion to withdraw the first petition when she admitted that she would be unable to sustain the petitioner's burden of proof at the upcoming evidentiary hearing. *See id.* The analysis that we employed in *Felder* had been applied previously in a case decided under Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, before the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") went into effect. *See Hurd v. Mondragon*, 851 F.2d 324, 329 (10th Cir.1988) (prisoner was not entitled to evade defeat and withdraw habeas corpus petition without prejudice after magistrate had filed proposed findings and recommended that petition be denied). Unlike Felder (or Hurd), Mr. Garrett never conceded defeat. Instead, Mr. Garrett sought to dismiss both of his motions so that he could further craft them upon obtaining better legal assistance.

Nor does our decision in *Benton* bar Mr. Garrett's motion. As we observed in *Felder*, *Benton* does not hold "that any voluntary dismissal of the first petition makes a subsequent petition second or successive." 113 F.3d at 697 (emphasis in original). Here, the district court relied, in part, on dictum in *Benton*. That dictum noted that a second voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)[1] is treated as a preclusive merits determination. *Id.* Assuming that Rule 41(a)(1) applies in habeas cases,[2] it provides no useful guidance in Mr. Garrett's case. Here, the dismissal was by court order, and Rule 41(a)(1) expressly does not apply to dismissals by court order. Federal Rule of Civil Procedure 41(a)(2)[3] would be more relevant. *See Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640–41 (7th Cir.1987).

Other cases in this circuit provide, we believe, adequate guidance for our decision today. Our cases have required that, in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits. *See Bennett v. United States*, 119 F.3d 470, 471 (7th Cir.1997). The district court must have engaged in substantive review. *See O'Connor v. United States*, 133 F.3d 548, 550–51 (7th Cir.1998); *see also Pratt v. United States*, 129 F.3d 54, 60 (1st Cir.

---

1.  Rule 41(a)(1) provides in relevant part that: an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

2.  *See Williams v. Clarke*, 82 F.3d 270, 272–73 (8th Cir.1996) (holding that Fed.R.Civ.P. 41(a)(1) applies to habeas cases).

3.  Rule 41(a)(2) provides in relevant part that "[e]xcept as provided in paragraph (1) ... an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.... Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1807, 140 L.Ed.2d 945 (1998) ("Recent post-AEDPA cases ... have preserved the rule that if the original petition did not produce an adjudication on the merits a prisoner's later petition will not be deemed 'second or successive.' ").

In this case, the record establishes that neither earlier motion was adjudicated on the merits. Mr. Garrett unilaterally withdrew the motions before they were ripe for decision by the district court. Indeed, in each instance, the request to withdraw was made before, not after, Mr. Garrett was apprised of the position of the government. Therefore, unlike the situation in *Felder*, there is no indication that withdrawal was to obtain a tactical advantage in the face of impending defeat.

### Conclusion

Accordingly, we hold that the current § 255 motion is not a successive motion. We therefore reverse the district court's order dismissing the case, and remand to the district court. On remand, the district court should treat Mr. Garrett's motion as an initial § 2255 motion.

REVERSED and REMANDED.