UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RAMON HARO-ARTEAGA

     Petitioner,

v.

UNITED STATES OF AMERICA

     Respondent.

No. 99-4201
(D.C. No. 99-CV-593)
(D. Utah)

---

ORDER

Filed December 28, 1999

---

Before **HENRY, LUCERO** and **MURPHY**, Circuit Judges

---

On the court's own motion, the December 15, 1999 order disposing of this matter shall be published. A copy of the published order is attached.

Entered for the Court

Patrick Fisher, Clerk of Court

By:

Keith Nelson
Deputy Clerk

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 15 1999**

**PATRICK FISHER**
**Clerk**

<u>PUBLISH</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAMON HARO-ARTEAGA

    Petitioner,

v.

UNITED STATES OF AMERICA

    Respondent.

No. 99-4201
(D.C. No. 99-CV-593)
(D. Utah)

**ORDER**

Before **HENRY, LUCERO** and **MURPHY**, Circuit Judges

This matter is before the court on the transfer by the district court of Ramon Haro-Arteaga's 28 U.S.C. § 2255 motion, the subsequent motion for permission to file a successive § 2255 motion in the district court, and the government's response. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997). The issue presented is whether the motion which Mr. Haro-Arteaga seeks to file in the district court should be treated as a second or successive motion under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). We determine that the motion is not a second or successive motion and remand the matter to the district court.

Mr. Haro-Arteaga seeks to challenge his 1995 conviction and sentence entered by the District of Utah for distribution of a controlled substance.

Mr. Haro-Arteaga has filed two previous § 2255 motions. The first was filed on March 28, 1996. In that proceeding, the government filed its response on June 3, 1996. Mr. Haro-Arteaga filed a motion to withdraw on June 24 stating that "several of his grounds for relief are improperly presented in his presently submitted Motion to Vacate Sentence, and that the presently submitted Motion omits other valid grounds which Movant would also care to raise." The court granted the motion on June 28.

The second motion was filed on March 26, 1997. The government filed its response on June 13, 1997. On July 31, the district court ordered Mr. Haro-Arteaga to file a responsive pleading by August 22. On January 1, 1998, the district court ordered Mr. Haro-Arteaga to show cause by February 9 as to why his motion should not be dismissed for failure to respond to the July 31 order. On February 6, Mr. Haro-Arteaga filed an unopposed notice of voluntary dismissal stating that he was making the motion to "avoid any delay in his pending transfer application to Mexico." The matter was closed on February 10 by the district court pursuant to the voluntary dismissal.

Mr. Haro-Arteaga then filed a § 2255 motion on August 2, 1999 and one on August 27. The magistrate judge to whom the matters had been referred consolidated

the motions and transferred them to this court pursuant to *Coleman*.

The government argues that the § 2255 motions filed in 1996 and 1997 should count as prior motions under AEDPA, that this is a successive motion, and therefore Mr. Haro-Arteaga must meet the requirements set forth in AEDPA to file a successive motion. We disagree.

In upholding the gatekeeping function of the courts of appeals set forth in AEDPA, the Supreme Court noted that, as to similar restrictions on § 2254 petitions, "[t]he new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas practice 'abuse of the writ.'" *Felker v. Turpin*, 518 U.S. 651, 664 (1996). In *Stewart v. Martinez-Villareal*, 523 U.S. 637, 118 S.Ct. 1618 (1998), the Court was presented with the issue of whether a § 2254 petition was successive where the only claim being presented had been dismissed as premature and unripe in a prior § 2254 petition, although the rest of the earlier petition had been resolved on the merits. The Court held that the second petition was not second or successive for purposes of AEDPA. Part of the Court's rationale was that those claims "would not be barred under any form of res judicata." *Id*. 118 U.S. at 1622.

Accordingly, this court, as well as the other circuits, have followed the pre-AEDPA cases on abuse of the writ to determine whether a petition is second or successive for purposes of AEDPA. *See Tapia v. LeMaster*, 172 F.3d 1193, 1195 (10th Cir. 1999), *cert. denied*, 120 S.Ct. 192 (1999); *United States v. Scott*, 124 F.3d

3

1328, 1329 (10th Cir. 1997); *Reeves v. Little*, 120 F.3d 1136, 1138-39 (10th Cir. 1997). The following types of cases have been held not to be subject to the gatekeeping restrictions: where the previous petitions have been dismissed without prejudice for failure to exhaust state remedies, *see, e.g.*, *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997); where the first post-conviction remedy was used solely to reinstate the right to a direct appeal, *see, e.g.*, *United States v. Scott*, 124 F.3d at 1330; where the first petition was dismissed for failure to pay the filing fee, *see, e.g.*, *Benton v. Washington*, 106 F.3d 162, 164-65 (7th Cir. 1996); where the first § 2255 motion is dismissed without prejudice because it was filed while the direct criminal appeal was pending, *see Flores v. United States*, No. 97-8080, 1997 WL 525596 (8th Cir. 1997) (unpublished disposition); and where the first petition is returned for being insufficient for failing to comply with the Rules Governing Section 2244 Cases or Rules Governing Section 2255 Proceedings, *see O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998).

The Seventh Circuit appears to be the only circuit to have dealt with the situation where the previously filed petitions have been voluntarily withdrawn. In *Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997), a case relied on by the government, the earlier petition had been dismissed without prejudice upon a voluntary motion to dismiss filed before a ruling on the merits but after the district court had set a date for an evidentiary hearing. The court held that the second, identical petition was

4

successive because the petitioner had moved to dismiss the first as soon as it became evident that the district court was going to dismiss on the merits. The petitioner's attorney conceded defeat in her motion to withdraw as she had admitted that she would be unable to sustain the petitioner's burden of proof at the upcoming hearing. *See also Hurd v. Mondragon*, 851 F.2d 324 (10th Cir. 1988) (holding, in a pre-AEDPA case, that the district court did not abuse its discretion in refusing to dismiss without prejudice a § 2254 petition which counsel attempted to withdraw after the magistrate judge had filed findings and recommended that the petition be dismissed).

In *Garrett v. United States*, 178 F.3d 940 (7th Cir. 1999), the Seventh Circuit, however, limited *Felder*. The court determined that a § 2255 motion filed after two earlier motions had been voluntarily dismissed was not a second or successive motion. The first motion was withdrawn after the government had filed its response but before the movant had received the response. The basis of the withdrawal was that the motion was the "'artless'" effort of a layperson without legal training." *Garrett*, 178 F.3d at 941. The second motion was withdrawn four months after it was filed, but before the government filed its response. The movant again asserted that he needed someone with legal training to help him clarify the issues for presentation. The court distinguished *Felder* by noting that, unlike in *Felder*, the movant never conceded defeat. The court held:

> Our cases have required that, in order for a habeas petition
> to be considered successive, the previous motion must

5

> have been denied on the merits. The district court must have engaged in substantive review.

*Garrett*, 178 F.3d at 942.

We agree with the reasoning of *Garrett*. Accordingly, because none of the earlier motions filed by Mr. Haro-Arteaga conceded any claim or were decided on the merits or after the district court engaged in substantive review, the present motion is not subject to the gatekeeping provisions of AEDPA.

The district court order is **VACATED** and the matter is **REMANDED** to the district court for further proceedings consistent with this order.

ENTERED FOR THE COURT

PER CURIAM