In the
United States Court of Appeals
For the Seventh Circuit

No. 99-1186

Rickey L. Potts,

Petitioner-Appellant,

v.

United States of America,

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 98 C 979--Thomas J. Curran, Judge.

Submitted February 17, 2000--Decided April 24, 2000

 Before Posner, Chief Judge, and Coffey and
Easterbrook, Circuit Judges.

 Posner, Chief Judge.  The stringent limitations
that the Antiterrorism and Effective Death
Penalty Act places on the filing of a second or
successive petition for habeas corpus (or its
federal prisoner's counterpart, a motion under 28
U.S.C. sec. 2255) make it vital to determine
whether a previous petition (or motion) was "the
real thing" that ought to subject the petitioner
or movant to those limitations. The essential
point is that a prisoner is entitled to one
unencumbered opportunity to receive a decision on
the merits. The polar cases that elucidate this
principle are easy: where the petition was not
accepted for filing, e.g., Stewart v. Martinez-
Villareal, 523 U.S. 637, 643-45 (1998); O'Connor
v. United States, 133 F.3d 548 (7th Cir. 1998);
Benton v. Washington, 106 F.3d 162 (7th Cir.
1996); In re Moore, 196 F.3d 252, 255 (D.C. Cir.
1999), and where the petition was rejected on the
merits. E.g., In re Page, 179 F.3d 1024, 1025
(7th Cir. 1999); Bennett v. United States, 119
F.3d 470 (7th Cir. 1997); Pratt v. United States,
129 F.3d 54, 60 (1st Cir. 1997). Nesting within
these extremes is a further division between
cases in which the petitioner withdraws his
petition before he has any reason to think it is
going to be denied (maybe he realizes that
because of lack of legal assistance he cannot

articulate his legal claim) and cases in which he withdraws it when it becomes clear to him that it is indeed about to be denied. The first type of case is illustrated by Garrett v. United States, 178 F.3d 940 (7th Cir. 1999) (per curiam), and Haro-Arteaga v. United States, 199 F.3d 1195 (10th Cir. 1999) (per curiam), and the second by Felder v. McVicar, 113 F.3d 696 (7th Cir. 1997). We must decide which of the two types the present case is closer to.

Potts's first section 2255 motion was met by a brief in opposition arguing in detail that the motion lacked merit. Potts and his lawyer, after conferring about the merits, decided to withdraw the motion; a motion to dismiss was made and granted. We do not see how Potts's 2255 motion could be thought an abortive filing, akin to Garrett, the case in which the movant withdrew his motion because he realized that, lacking as he did legal assistance, his motion failed to present his case. Potts was assisted by counsel, filed a competent motion, and then appears to have realized (though unlike Felder he did not acknowledge) that in light of the government's brief in opposition, the motion was doomed. In these circumstances, it would be unrealistic to treat the dismissal as tantamount to a refusal to accept a filing because of formal deficiencies. He had his opportunity to receive a decision on the merits; he flinched, seeing the handwriting on the wall.

The district court, while noting that Potts had filed a previous 2255 motion, dismissed his present motion as untimely. The court should not have entertained the motion at all, because Potts had failed to demonstrate compliance with the conditions on the filing of a second or successive such motion. The motion was properly dismissed, but for the wrong reason.

Affirmed.