**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-7978**

ANTHONY PROVENZALE,

                    Petitioner – Appellant,

          v.

UNITED STATES OF AMERICA,

                    Respondent – Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, Chief District Judge.  (5:09-hc-02117-FL)

Submitted:  June 23, 2010            Decided:  July 16, 2010

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Anthony Provenzale, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Federal prisoner Anthony Provenzale appeals the district court's order finding that his 28 U.S.C.A. § 2241 (West 2006 & Supp. 2010) petition should have been brought as a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, and refusing to convert the petition because a § 2255 motion would be successive and unauthorized. We vacate the district court's order and remand for further proceedings.

We find that the district court correctly determined that Provenzale should have brought his claims in a § 2255 motion. A federal prisoner such as Provenzale who seeks to challenge the legality of his conviction or sentence generally must proceed pursuant to § 2255, with § 2241 petitions reserved for challenges to the execution of the prisoner's sentence. In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). In limited circumstances, however, § 2255 is "inadequate or ineffective" to test the legality of the detention.

In those cases, the prisoner "may file a petition for a writ of habeas corpus in the district of confinement pursuant to § 2241." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). In Jones, this court concluded that a § 2255 motion is inadequate or ineffective, and a § 2241 petition may be used to test the legality of a conviction, only when certain criteria are met. See id. at 333-34. In his self-styled § 2241 petition,

2

Provenzale asked the district court to enter a new judgment acquitting him of his conviction or, in the least, reduce his sentence. However, Provenzale cannot satisfy the Jones criteria. Thus, the district court correctly determined that Provenzale should have brought his claims in a § 2255 motion.

We nonetheless find that the district court erred when it found that it could not convert Provenzale's petition into a § 2255 motion because he previously filed a § 2255 motion and failed to obtain certification to file a successive motion. It is true that "[a] second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C.A. § 2255(h) (West Supp. 2010). An initial habeas petition generally does not count for purposes of the "second or successive" rule, however, if it was voluntarily withdrawn by the petitioner. See, e.g., Thai v. United States, 391 F.3d 491, 495-96 (2d Cir. 2004); Haro-Arteaga v. United States, 199 F.3d 1195, 1196-97 (10th Cir. 1999); Garrett v. United States, 178 F.3d 940, 942-43 (7th Cir. 1999) (per curiam); Alexander v. Johnson, 163 F.3d 906, 908-09 (5th Cir. 1998). Provenzale did not concede upon withdrawal of his first § 2255 motion that the motion lacked merit, Thai, 391 F.3d at 495-96; Vancleave v. Norris, 150 F.3d 926, 928 (8th Cir. 1998), and it is not apparent that he withdrew his motion to obtain a tactical advantage in the face of impending defeat,

3

Garrett, 178 F.3d at 943. Thus, we find that Provenzale's original § 2255 motion does not bar the filing of another § 2255 motion without pre-filing authorization, and that the § 2241 petition may be converted into a § 2255 motion if Provenzale agrees.[1]

Despite the foregoing, the district court correctly observed that if it construed Provenzale's petition as a § 2255 motion, it would lack jurisdiction to entertain the motion because, having been sentenced in the District Court for the Northern District of Ohio, Provenzale was required to pursue his claims in that court. See 28 U.S.C.A. § 2255(a) (West Supp. 2010). Accordingly, if Provenzale agrees to have his petition recharacterized, the district court must determine whether it would be in the interests of justice to transfer the motion to the Ohio district court. See 28 U.S.C. § 1631 (2006) (providing that if a court finds a lack of jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .").

---

[1] We note that before characterizing Provenzale's filing as a § 2255 motion, the district court must provide Provenzale with the proper notice and an opportunity to respond as required by Castro v. United States, 540 U.S. 375, 377 (2003). See United States v. Blackstock, 513 F.3d 128, 132-35 (4th Cir. 2008).

4

Accordingly, although we deny Provenzale's motion for appointment of counsel, we vacate the district court's order and remand to the district court for further proceedings.[2] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[2] We, of course, express no opinion as to the timeliness or merits of Provenzale's claims.

5