FILED
United States Court of Appeals
Tenth Circuit

August 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LIONEL KERSH, Vigilance
Committee Leader and Conspiracy
Participant,

     Petitioner - Appellant,

v.

WARDEN ROBERT SMELER,
Conspiracy Participant; The Attorney
General of the State of [Colorado],
JOHN WILLIAM SUTHERS,

     Respondents - Appellees.

No. 10-1177
(D.C. No. 10-CV-00090-ZLW)
(D. Colo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.

Plaintiff-Appellant Lionel Kersh, a state inmate proceeding pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

order dismissing without prejudice his petition for a writ of habeas corpus. Mr.

Kersh has not made the necessary "substantial showing of the denial of a

constitutional right" to obtain a COA. 28 U.S.C. § 2253(c)(2); see Slack v.

McDaniel, 529 U.S. 473, 483-84 (2000). Therefore, we deny a COA and dismiss

the appeal.

Mr. Kersh's second and final amended federal habeas petition appears to challenge his state convictions on three bases: (1) an "[i]nvisible human robot conspiracy . . . forced [him] into robbing . . . three small businesses"; (2) "American conspiracy participants transported [him] from down below on earth to this outerspace earth planet at the age of 13"; and (3) that everyone in the Denver city and county courts participated in the "world wide conspiracy plot against me." R. 61-62, 67-68. Mr. Kersh submitted his second amended petition in response to the magistrate judge's order that he file a legible and double-spaced petition, in compliance with the district court's local rules. Id. at 51. The magistrate also ordered Mr. Kersh to submit an amended petition complying with Rule 8 of the Federal Rules of Civil Procedure and Rule 4 of the Rules Governing Section 2254 Cases. Id. at 51-53. Upon review of the second amended petition, the district court dismissed it without prejudice for failure to comply with the pleading requirements of Rule 8 and Rule 4. Id. at 68-70. We consider this a procedural dismissal. See Haro-Arteaga v. United States, 199 F.3d 1195, 1196-98 (10th Cir. 1999).

We will issue a COA to appeal a procedural ruling only if the petitioner shows that "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Mr. Kersh's COA application and brief give us no reason to question the district

court's ruling that his second amended petition did not comply with the relevant pleading rules. Rather, the COA application raises an entirely new set of substantive issues, mostly to do with his mental health and competency to stand trial. Pet. Br. at 2-4. We will not consider claims not presented to the district court. See Dockins v. Hines, 374 F.3d 935, 940 (10th Cir. 2004).

We DENY a COA, DENY appellant's motion seeking leave to proceed in forma pauperis and his request for appointment of counsel, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge