NOT RECOMMENDED FOR PUBLICATION
No. 17-4001

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 30, 2018
DEBORAH S. HUNT, Clerk

In re: WILLIE MOORE,

Movant.

)
)
)

O R D E R

BEFORE:      NORRIS, ROGERS, and STRANCH, Circuit Judges

Willie Moore, a federal prisoner proceeding pro se, moves for leave to file a second or successive motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, pursuant to 28 U.S.C. § 2244. Moore previously filed a prior § 2255 motion but voluntarily withdrew it, before a final merits decision issued from the district court but after receiving two reports and recommendations from a magistrate judge stating that the motion had no merit and recommending that it be dismissed with prejudice. Though a prior petition that was not dismissed "on the merits" ordinarily will not render a subsequent petition successive, *see In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000), a withdrawn petition can still count as a prior petition under § 2244(b) where, as here, it is obvious that the withdrawal was induced by the petition's impending failure on the merits. Under the circumstances, Moore's § 2255 motion is accordingly a successive one, and Moore neither argues that a new rule of constitutional law applies to his case nor that he possesses newly-discovered evidence. We therefore deny Moore's petition for leave to file the § 2255 motion.

In 2004, Moore pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). The district court found that Moore was subject to a sentence enhancement as a career offender

pursuant to USSG § 4B1.1, because Moore had prior convictions under Indiana law for burglary, Ind. Code Ann §§ 35–43–2–1, criminal deviate conduct, Ind. Code Ann §§ 35–42–4–2, and battery, Ind. Code §§ 35–42–2–1. After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), the district court resentenced Moore to an aggregate term of 221 months of imprisonment, a sentence that Moore continues to serve.

In 2016, Moore filed a § 2255 motion to vacate in the district court, arguing that he was no longer a career offender in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Moore was represented in this motion by the same counsel as in his original trial, and the district court assigned the motion to a magistrate judge. Following a stay pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), the magistrate judge issued a report recommending that Moore's claim be dismissed with prejudice, because *Beckles* precluded a claim like Moore's. Moore filed objections to this report and recommendation, arguing that his previous Indiana battery and criminal deviate conduct convictions were not categorically crimes of violence. The magistrate judge issued a supplemental report and recommendation, indicating that these objections were also without merit. In particular, because Moore did not have any claim under *Johnson*, the motion was untimely as after the one-year post-final judgment deadline for a motion to vacate a sentence under § 2255, and Moore's reliance on *Descamps v. United States*, 133 S. Ct. 2276 (2013), did not warrant restarting the one-year period under 28 U.S.C. § 2255(f)(3) because, among other things, *Descamps* has never been held to apply retroactively. Moore then filed an unopposed motion to withdraw his § 2255 motion, and the district court allowed the § 2255 motion to be voluntarily dismissed.

Moore subsequently filed this current motion, contending that he is entitled to relief because his trial counsel failed to argue that the Indiana burglary statute under which Moore was

previously convicted was allegedly divisible and non-violent in some applications. Moore further argues that this motion is a first and not a successive § 2255 motion and that he is therefore not bound by the restrictions of § 2244(b), because the district court did not finally adjudicate the merits of Moore's previous § 2255 motion.

Moore's previous motion did count as a prior § 2255 motion, however. Moore, who was represented by counsel, moved to withdraw his previous motion directly on the heels of two reports and recommendations identifying no merit in his claims. It is therefore not enough to say that Moore never formally received a final adjudication of his previous motion, because this was the intentional consequence of the strategy Moore and his counsel chose. It would contravene the restrictions imposed by § 2244(b) to allow Moore to treat the magistrate judge as an editor for a § 2255 motion before § 2244(b)'s restrictions kicked in.

This conclusion that a voluntarily dismissed prior motion can, under certain circumstances, still count as a prior motion under § 2244(b) is supported by the reasoning of three other circuits that have considered similar issues. In *Felder v. McVicar*, 113 F.3d 696 (7th Cir. 1997), the Seventh Circuit held that a petition was successive where a prisoner had voluntarily dismissed his first petition, while represented by counsel, after acknowledging that he could not carry his burden of proof at an evidentiary hearing. As the *Felder* court reasoned, such petitions count as successive because "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits." *Id.* at 698. Subsequently, in *Garrett v. United States*, 178 F.3d 940, 942–43 (7th Cir. 1999), the Seventh Circuit distinguished *Felder* and held that a § 2255 motion filed after two prior motions had been voluntarily dismissed was not second or successive. The first motion was withdrawn after the government had mailed its

response, but before the petitioner had received it, and before the district court engaged in substantive review. *Id.* at 941–43. The second motion was withdrawn several months after it was filed, but before any response or review occurred. *Id.* Thus, unlike the petitions in *Felder*, neither prior motion had been adjudicated on the merits, and the petitioner neither conceded defeat nor withdrew the prior motions to obtain a tactical advantage. *Id.* at 943; *see also Potts v. United States*, 210 F.3d 770, 770-71 (7th Cir. 2000) (holding that a petitioner's voluntary withdrawal of a prior petition after receiving a strongly-argued government response brief, conferring with his attorney, and apparently realizing the petition was "doomed" rendered a subsequent petition successive under § 2244).

The Fourth Circuit has implied the same thing in dictum: though a voluntarily withdrawn petition "generally does not count for purposes of the 'second or successive' rule," it may count where it is "apparent that [the petitioner] withdrew his motion to obtain a tactical advantage in the face of impending defeat." *Provenzale v. United States*, 388 F. App'x 285, 287 (4th Cir. 2010) (holding that the petitioner's second-in-time § 2255 motion was not successive because he neither withdrew his first motion to gain a tactical advantage nor conceded that it was without merit). Likewise, the Second Circuit has indicated that a voluntarily dismissed motion may still count as a prior motion where "the circumstances surrounding withdrawal clearly and objectively indicate that the petitioner knows his or her motion is meritless," although it found that the circumstances in that case did not clearly compel such a conclusion. *Thai v. United States*, 391 F.3d 491, 495–96 (2d Cir. 2004). Here, however, the reason for Moore's withdrawal is clearly apparent: Moore's attempt to evade the result that was inevitably coming to him.

Moore contends that he withdrew his prior motion based not a recognition of its lack of merit, but rather because the reports and recommendations caused Moore to believe that his

counsel had been ineffective. But, on these facts, this is a distinction without a difference. Even on Moore's telling, he withdrew his prior motion because he was aware that it presented no claims on which he could win. Moore therefore does nothing to rebut the obvious interpretation of these facts, that his withdrawal was induced by the magistrate's negative merits evaluations of the motion. Moore's withdrawal following the magistrate's evaluation leaves him still subject to § 2244(b)'s restriction on successive petitions.

This conclusion does not mean that any voluntarily withdrawn petition must count as a prior petition under § 2244. Courts have also recognized that a petition withdrawn for curable procedural reasons—such as failure to pay filing fees or non-exhaustion of state remedies—does not trigger § 2444(b). *See Haro-Arteaga v. United States,* 199 F.3d 1195, 1196–97 (10th Cir. 1999).[1] In *Haro-Arteaga*, the petitioner had previously withdrawn two prior § 2255 motions—both after the government had responded. *Id.* at 1195. The petitioner withdrew one of the motions because "several of his grounds for relief [were] improperly presented" and because the motion "omit[ted] other valid grounds which [the petitioner] would also care to raise." *Id.* The Tenth Circuit concluded that the third § 2255 motion was not successive "because none of the earlier motions filed by [the petitioner] conceded any claim or were decided on the merits or after the district court engaged in substantive review." *Id.* at 1197.

---

[1] According to the Tenth Circuit: "The following types of cases have been held not to be subject to the gatekeeping restrictions: where the previous petitions have been dismissed without prejudice for failure to exhaust state remedies, *see, e.g.*, *McWilliams v. Colorado*, 121 F.3d 573, 575 (10th Cir. 1997); where the first post-conviction remedy was used solely to reinstate the right to a direct appeal, *see, e.g.*, *United States v. Scott*, 124 F.3d at 1330; where the first petition was dismissed for failure to pay the filing fee, *see, e.g.*, *Benton v. Washington*, 106 F.3d 162, 164-65 (7th Cir. 1996); where the first § 2255 motion is dismissed without prejudice because it was filed while the direct criminal appeal was pending, *see Flores v. United States*, No. 97-8080, 1997 WL 525596 (8th Cir. 1997) (unpublished disposition); and where the first petition is returned for being insufficient for failing to comply with the Rules Governing Section 2244 Cases or Rules Governing Section 2255 Proceedings, *see O'Connor v. United States*, 133 F.3d 548, 550 (7th Cir. 1998)." *Haro-Arteaga*, 199 F.3d at 1196.

The Supreme Court has also held that a prior petition dismissed as prematurely raised does not make a following petition second or successive one under § 2244(b), *see Stewart v. Martinez-Villareal*, 523 U.S. 637, 643–44 (1998); *see also In re Coley,* 871 F.3d 455, 457 (6th Cir. 2017), although *Stewart* did not explicitly deal with voluntary withdrawal. Similarly, the Seventh Circuit has held that a petition does not count as a prior petition if it is withdrawn before receiving any governmental response brief. *See Garrett*, 178 F.3d at 943. Because Moore was represented by counsel and the circumstances of his case clearly indicate that his withdrawal was driven by his recognition of the substantive futility of his earlier motion, the motion counts as a prior § 2255 motion and triggers § 2244(b), restricting this current petition by Moore. That Moore's motion may have been dismissed without prejudice does not, on these facts, alter this conclusion. *See Felder*, 113 F.3d at 698.

Because Moore's petition is successive, we must apply the restrictions of §§ 2244(b) and 2255(h), and Moore does not fall within either of § 2255(h)'s exceptions for successive petitions. The thrust of Moore's claim in this motion is that his counsel was ineffective because the attorney failed to argue, pursuant to *Taylor v. United States,* 495 U.S. 575 (1990), that Moore's previous conviction for Indiana burglary should not have counted as a predicate crime for enhancement under the Sentencing Guidelines. Moore's argument is not based on a new and retroactive rule of constitutional law articulated by the Supreme Court. *See* 28 U.S.C. § 2255(h)(2). The claim is also not one based on newly discovered evidence. *See* 28 U.S.C. § 2255(h)(1). The alleged ineffectiveness here occurred at Moore's sentencing, twelve years ago. Because Moore's petition does not fall into either of the permissive categories, it is barred under §§ 2244(b) and 2255(h).

The petition for leave to file a § 2255 motion is denied.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk