**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 3, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAFAEL RAMOS,

    Defendant - Appellant.

No. 18-1316
(D.C. Nos. 1:18-CV-00054-CMA &
1:14-CR-00337-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **EID**, Circuit Judges.
_____

Rafael Ramos, a federal prisoner proceeding pro se, filed a 28 U.S.C. § 2255 motion to vacate, set aside or correct his sentence. The district court determined it lacked jurisdiction to consider the § 2255 motion because it was an unauthorized second or successive § 2255 motion. Mr. Ramos filed a notice of appeal from the district court's decision. The district court granted a certificate of appealability on the question of whether Mr. Ramos's first § 2255 motion, which he voluntarily

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

withdrew, should count for determining whether a subsequent motion should be considered second or successive. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I. Background

Mr. Ramos pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1), after he provided four firearms to another individual for sale to an undercover officer. The district court sentenced him to 84 months' imprisonment, which was the bottom of the proposed advisory Sentencing Guidelines range of 84 to 105 months. He did not appeal.

In June 2016, Mr. Ramos filed a pro se § 2255 motion. He asserted he was entitled to relief based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), because he was sentenced based on the unconstitutional residual clause in the Armed Career Criminal Act (ACCA). The government argued in its response that *Johnson* did not apply to Mr. Ramos because he was not sentenced under the ACCA, nor did he receive a sentence enhancement under the Sentencing Guidelines that was based on a conviction for a prior crime of violence.[1]

A few months later, Mr. Ramos filed a motion to withdraw his § 2255 motion. In the motion, he stated that "[u]pon further consideration and examination" of his § 2255 motion, "it has become clear to the defendant that the Johnson case does not

---

[1] The presentence investigation report recommended enhancing Mr. Ramos's sentence because (1) the offense involved three to seven firearms, *see* U.S. Sentencing Guidelines Manual § 2K2.1(b)(1)(A) (U.S. Sentencing Comm'n 2014); and (2) one of the firearms had an obliterated serial number, *see id*. § 2K2.1(b)(4)(B).

2

apply to his case . . . or conviction." R. at 89. He further stated that "with the help of an interpreter[,] [he] read the Government's Response . . . and has become convinced that in fact the Johnson decision does not apply to his case." *Id*. at 90. He also indicated that he had been given "advice by an attorney to withdraw his motion under Johnson in order to preserve that right for a better issue in the future." *Id*. at 89. The district court granted the motion to withdraw.

In January 2018, Mr. Ramos filed another § 2255 motion. He argued he received ineffective assistance of counsel because his attorney misled him into believing he was going to receive a sentence of 46 to 57 months when Mr. Ramos was accepting the plea agreement. In response, the government asserted that the motion should be dismissed for lack of jurisdiction because it was an unauthorized second § 2255 motion. The government contended that Mr. Ramos's "previous § 2255 motion, which he withdrew after realizing, and affirmatively acknowledging, that the motion was meritless[,] . . . counts for "purposes of the 'second or successive' analysis." *Id*. at 103.

The district court agreed with the government that it lacked jurisdiction over Mr. Ramos's § 2255 motion because it was an unauthorized second or successive § 2255 motion. Mr. Ramos now appeals that decision.

II. Discussion

Under § 2255, a prisoner sentenced by a federal court may move to have that sentence vacated, set aside or corrected. 28 U.S.C. § 2255(a). A prisoner may not, however, file a second or successive § 2255 motion unless he first obtains an order

3

from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); *id*. § 2255(h). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2255 motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). "[T]o avoid having claims barred as successive, federal prisoners seeking relief under § 2255 generally must marshal all of their claims into one collateral attack on their conviction and sentence." *United States v. Kelly*, 235 F.3d 1238, 1241 (10th Cir. 2000). But not all first-in-time § 2255 motions will lead to a second-in-time motion being treated as a second or successive § 2255 motion. *See Haro-Arteaga v. United States*, 199 F.3d 1195, 1196 (10th Cir. 1999) (identifying types of cases where the first § 2255 motion did not count as a first motion for purposes of determining whether a later motion was second or successive).

Mr. Ramos contends that the district court erred in treating his second-in-time § 2255 motion as an unauthorized second or successive motion because: (1) an inmate paralegal misled him into filing his first § 2255 motion with a single claim that had no relevance to his case; (2) the district court erred in failing to warn him about the consequences of withdrawing his initial § 2255 motion; and (3) there is a circuit split as to whether a motion that is voluntarily withdrawn should count as an initial § 2255 motion. We are not persuaded by Mr. Ramos's arguments; instead, we agree with the district court that Mr. Ramos's voluntarily-withdrawn § 2255 motion should count as a first motion for purposes of the second or successive analysis. The

4

district court therefore properly determined it lacked jurisdiction to consider Mr. Ramos's unauthorized second or successive § 2255 motion.

We will address Mr. Ramos's issues in reverse order. Contrary to his assertion, there is no circuit split on the issue of whether a motion that is voluntarily withdrawn should count as an initial § 2255 motion for purposes of the second or successive analysis. All of the courts to consider the issue have looked at the circumstances of each individual case. In doing so, courts have sometimes decided that a voluntarily-withdrawn § 2255 motion counts when determining whether a later motion is second or successive, and courts have sometimes decided that a voluntarily-withdrawn § 2255 motion does not count for second or successive purposes. But the decisions are based on the facts of the case, not any conflicting legal analysis. For example, in a trio of cases in the Seventh Circuit, that court twice concluded that the circumstances supported counting the voluntarily-withdrawn § 2255 motion as a first motion for second or successive purposes, *see Potts v. United States*, 210 F.3d 770, 770-71 (7th Cir. 2000), and *Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997), but in between those two cases, the court determined that the circumstances surrounding the voluntarily-withdrawn § 2255 motion did not support counting it as a first motion for second or successive purposes, *see Garrett v. United States*, 178 F.3d 940, 942-43 (7th Cir. 1999).

One of the factors courts have found determinative in considering how to treat a voluntarily-withdrawn § 2255 motion is whether the moving party conceded the motion lacked merit. *See, e.g., Provenzale v. United States*, 388 F. App'x 285, 287

5

(4th Cir. 2010) (finding that petitioner's "original § 2255 motion does not bar the filing of another § 2255 motion without pre-filing authorization" because he "did not concede upon withdrawal of his first § 2255 motion that the motion lacked merit"); *Thai v. United States*, 391 F.3d 491, 496 (2d Cir. 2004) ("The circumstances of the instant case do not provide a clear indication that Thai regarded his initial petition as meritless when he moved to withdraw it. Accordingly, we hold that the most recent petition is not a second or successive petition[.]"); *Garrett*, 178 F.3d at 942, 943 (holding that current § 2255 motion was not a successive motion because petitioner had "never conceded defeat" when he moved to withdraw his earlier motions and there was "no indication that withdrawal was to obtain a tactical advantage in the face of impending defeat"); *Felder*, 113 F.3d at 698 (finding that petitioner's concession that he could not meet his burden of proof at an evidentiary hearing was "an admission of defeat" and concluding that "a petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits"). The cases from the circuits noted above are consistent with our approach to the issue.

In *Haro-Arteaga*, the petitioner had filed two prior § 2255 motions, which he then voluntarily withdrew. 199 F.3d at 1195. At the time he withdrew the motions, the petitioner had not conceded any claim nor had the district court engaged in substantive review; we therefore concluded the petitioner's subsequent motion should not be treated as a second or successive motion. *Id*. at 1197. In contrast, Mr. Ramos

6

did concede his first § 2255 motion lacked merit when he moved to withdraw it. In his first § 2255 motion, he brought a single claim, arguing he was entitled to sentencing relief based on *Johnson*. But in his motion to withdraw his first § 2255 motion, he admitted that *Johnson* "does not apply to his case . . . or conviction." R. at 89. Given these circumstances, the district court properly determined that Mr. Ramos's voluntarily-withdrawn § 2255 motion should count for purposes of the second or successive analysis.

Mr. Ramos also argues that the district court erred in failing to warn him about the consequences of withdrawing his initial pro se § 2255 motion, relying on the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003). But *Castro* does not apply here because it relates to situations where a pro se prisoner files a motion that he does not label as a § 2255 motion, but the district court recharacterizes it as a § 2255 motion. The Supreme Court held that a district court:

> cannot so recharacterize a pro se litigant's motion as the litigant's first § 2255 motion *unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing.

540 U.S. at 377. Here, Mr. Ramos's initial motion was labeled a § 2255 motion; there was no recharacterization. *Castro* does not obligate district courts to warn pro se litigants about the potential second or successive consequences of withdrawing an initial § 2255 motion.

7

Finally, Mr. Ramos asserts he was misled by a fellow inmate into believing he had a viable claim under *Johnson*. He contends that if he "had not been totally dependent on the legal advice of his fellow 'inmate paralegal,' he would not have submitted such a ridiculous issue which had absolutely no bearing on his case but would have brought the issues discussed herein." Aplt. Br. at 7. But Mr. Ramos cites to no legal authority—and we are aware of none—that indicates this type of information is relevant or permitted to be considered when determining whether Mr. Ramos's initial § 2255 motion should count for purposes of the second or successive analysis.

III. Conclusion

For the foregoing reasons, we affirm the district court's determination that it lacked jurisdiction to consider the merits of Mr. Ramos's § 2255 motion because it was an unauthorized second or successive § 2255 motion. We grant Mr. Ramos's motion to proceed on appeal without prepayment of costs or fees.

Entered for the Court
Per Curiam

8