**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RAYMOND L. ROGERS,

    Defendant - Appellant.

No. 19-3282
(D.C. Nos. 6:19-CV-01321-JWB &
6:10-CR-10186-JWB-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **PHILLIPS**, Circuit Judges.
_____

The district court dismissed for lack of jurisdiction Raymond L. Rogers' third

motion filed under 28 U.S.C. § 2255, holding that it was an unauthorized second or

successive motion. We deny a certificate of appealability ("COA") and dismiss the

matter.

## I. Background

The district court addressed the merits of each of Rogers' claims in his first § 2255

motion in a thorough and detailed 25-page order. This court denied a COA. The district

court also denied Rogers' motion under Federal Rule of Civil Procedure 60(b), in which

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

he contended that the court had not ruled on all of the claims in his first § 2255 motion. We again denied a COA.

When Rogers filed a second § 2255 motion, the district court dismissed it for lack of jurisdiction as an unauthorized second or successive motion. Rogers sought a COA from this court, arguing that his second motion should not have been treated as second or successive because the district court held in his initial § 2255 proceedings that his pleadings were deficient and did not reach the merits of his claims. We rejected that contention and denied a COA because the "the district court's well-reasoned 25-page order denying his first § 2255 motion undoubtedly reached the merits of his claims." R., Vol. 3 at 37.

Rogers filed a third § 2255 motion, which the district court again dismissed for lack of jurisdiction. We deny a COA because Rogers fails to show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## II.    Discussion

In § 2255, "Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence." *Prost v. Anderson*, 636 F.3d 578, 583 (10th Cir. 2011). But if that initial collateral attack fails, "only certain claims [that Congress] has deemed particularly important—those based on newly discovered evidence suggestive of innocence, or on retroactively applicable constitutional decisions—may be brought in a second or successive motion." *Id.* at 583-84; *see also* § 2255(h). A second or successive motion requires this court's

2

authorization pursuant to § 2255(h), and a district court lacks jurisdiction to consider an unauthorized motion. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). There are circumstances in which a subsequent § 2255 motion is not treated as second or successive based upon the nature of the disposition of a prior motion. *See Haro v. Arteaga*, 199 F.3d 1195, 1196-97 (10th Cir. 1999) (citing examples). But a subsequent motion is second or successive, and requires this court's authorization, if the first motion was "decided on the merits." *Id.* at 1197.

Rogers persists in contending that his initial § 2255 motion does not count as a "first" such motion. But reasonable jurists would not debate the district court's conclusion that Rogers' latest motion was second or successive.

Rogers once again asserts that the district court dismissed his first § 2255 motion based upon pleading deficiencies. We rejected that contention in denying him a COA to appeal the dismissal of his second § 2255 motion. He also argues that his latest § 2255 motion was not second or successive because he did not receive an evidentiary hearing on his initial § 2255 motion. The gist of his contention is that, because a hearing is required in every § 2255 proceeding, an initial motion dismissed without a hearing does not count as a first motion, and a later motion is not second or successive.

Rogers' argument has no merit. A hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also United States v. Fields*, 949 F.3d 1240, 1246 (10th Cir. 2019). Here, consistent with § 2255(b), the district court held that an evidentiary hearing on Rogers' first § 2255 motion was not necessary "[b]ecause review of [his] motion and

3

the accompanying court record conclusively show[ed] that he [was] not entitled to relief." R., Vol. 1 at 294. Moreover, Rogers fails to cite any authority for his proposition that an initial § 2255 motion decided without a hearing does not count as a first motion. The Supreme Court case he relies on construed "adjudication of the merits" to mean "that if factual issues were raised in the prior application, *and it was not denied on the basis that the files and records conclusively resolved these issues*, an evidentiary hearing was held." *Sanders v. United States*, 373 U.S. 1, 16 (1963) (emphasis added).

## III. Conclusion

The district court dismissed Rogers' third § 2255 motion as an unauthorized second or successive motion over which it lacked jurisdiction. He fails to show that jurists of reason would debate the correctness of that procedural ruling. We therefore deny a COA and dismiss the matter. Rogers' request to proceed on appeal without prepayment of costs or fees is denied. He is directed to pay all filing and docketing fees in full to the Clerk of the District Court for the District of Kansas.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

4